FRENCH v. DENMAN et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1999. Decided March 13, 1928.

Judges Crow, Hughes and Justice, of the 3rd Dist., sitting.

First Publication of this Opinion.

Syllabus by Editorial Staff.

771. MISCONDUCT.

Asking of leading question by court and sustaining objection in unusual form, held not to constitute misconduct.

Error to Common Pleas.
Judgment affirmed.

Stahl & Price, Toledo, for French.

Denman, Miller & Wall, Toledo, for Denman et.

FULL TEXT.

CROW, J.

This is a proceeding in error to reverse a judgment of the Court of Common Pleas entered on a verdict in favor of plaintiffs who brought suit as the members of a partnership, for services performed by them as attorneys for defendant, and for expenses incident to such services. The verdict was for the amount claimed in the petition, with interest.

The bill of exceptions, setting forth the evidence upon the trial, shows quite plainly that the main question in controversy, was the

(Continued on Page 260)

## PUBLISHER'S COLUMN

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in
Advance ....................................... $15.00
Discount for advance payment $3.00, making the
net price .................................:.... 12.00
Including Quarterly Digest, to paid subscribers,
no extra charge.
Including Binding of Weekly Parts at end of year,
if paid in advance, net......................... 13.50
Including One Annual Digest, at end of year, and
binding of weekly parts, paid in advance, net.. 16.00
Including Cinque Digest and Year's Subscription..$18.00
Single Numbers ..........................•........ .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager
Jay F. Laning........................Business Director
Sheldon R. Laning...................Editorial Director

(Continued from Page 259)
value of the services, there having been no contract stipulating the amount to be paid therefor.

But two assignments of error are presented.

1. While one of plaintiffs was testifying, he was asked concerning the overhead expenses of plaintiffs, and answered somewhat in detail that it was about seventeen thousand dollars a year, exclusive of payments to any member of the firm.

No objection appears in the bill of exceptions, to the question, which situation clearly disposes of this assignment of error, adversely to plaintiff in error.

2. At pages 83 and 84 of the bill of exceptions when the plaintiff to whom we have referred, was further testifying, and stating his opinion concerning a matter of law involved in one of the items for which plaintiffs were seeking to recover, the court said:

"There is yet a considerable difference of opinion of course on that question, isn't there, some decisions holding it is not an abandonment of their rights,"
to which counsel for defendant objected, and the court said:

"Well, I will withdraw it. The jury will disregard that question."
The witness answered:

"Yes, there is that conflict."
and the court rejoined:

"Do not answer that. I have withdrawn it and the jury will forget about it."

We can discover no misconduct on the part of the court in any of the language used. At most, the meaning of the words could not be reasonably construed as going any further than to possibly constitute a leading question propounded by the court, and the sustaining, though not in the usual form, of an objection. Moreover, the jury was told, after the witness had said that there was the conflict intimated in the question, to disregard the answer.

In addition, the evidence of the other witnesses respecting the value of the services, and the other portions of the testimony of the plaintiff Denman, is of such character and extent that if the trial judge did err in the particular we are discussing, it was not manifestly prejudicial to defendant, and therefore can not serve to reverse the judgment.

Finding no error in either of the two grounds relied on, the judgment will be affirmed without penalty.